(2008)
In re: UNITED STATES POSTAL SERVICE PRIVACY ACT LITIGATION
Janet Diggins v. United States Postal Service, N.D. Illinois, C.A. No. 1:07-4623
Lance McDermott, et al. v. United States Postal Service, W.D. Washington, C.A. No. 2:07-1174.
MDL No. 1937.
United States Judicial Panel on Multidistrict Litigation.
April 9, 2008.

TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel[*]: Defendant in both actions, United States Postal Service (USPS), has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of District of Columbia. Plaintiffs in the Western District of Washington action do not oppose centralization and support selection of the Western District of Washington as the transferee district. Plaintiff in the N.D. Illinois action supports centralization in the Northern District of Illinois.
This litigation currently consists of two actions pending, respectively, in the Northern District of Illinois and the Western District of Washington.
On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In June 2004, USPS allowed companies to submit bids for "co-branding" of targeted solicitations to its employees, through which offers for products such as discounted magazine subscriptions and cellular phone service would also appear with the USPS logo. Both actions, which are brought on behalf of putative nationwide classes of USPS employees, involve allegations that USPS violated the Privacy Act, 5 U.S.C. § 552a, and was otherwise unjustly enriched when it disclosed employees' personal information (such as their home addresses) to companies which it authorized to disseminate the targeted solicitations without obtaining prior authorization from each affected employee. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary.
We are persuaded that the Western District of Washington, where the earliest filed action is pending, is an appropriate transferee forum for this litigation. While the District of District of Columbia would no doubt also be an appropriate transferee forum, centralization in the Western District of Washington gives due credit to plaintiffs' choice of forum and will not inconvenience USPS, which has a nationwide presence. By centralizing this litigation before Judge James L. Robart, we are selecting a jurist who is likely to steer this litigation on a prudent course.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of Illinois is transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable James L. Robart for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[*] Judge Scirica took no part in the disposition of this matter.